## SHAW v. SMITH, Guardian.

A return to a writ of *habeas corpus* setting up a will as the written authority for the restraint, but containing no copy of the will, is bad on exception.

This Court will not go beyond the statute to hold the court whose peculiar duty it is to guard the interests of minors to a strict regularity in summary proceedings.

APPEAL from the *Marion* Court of Common Pleas. *Thursday, January 22, 1857.*

STUART, J.—*Habeas corpus* to obtain the possession of an infant.

*Smith* was the duly appointed guardian of *Stephen A. McCracken*, a minor.

As such guardian he filed his affidavit for a writ of *habeas corpus* for the person of his ward, alleging him to be illegally restrained of his liberty by *Victor Shaw*, in, &c.

The writ was issued, return made thereto, exceptions to the return sustained, and the minor awarded to the custody of *Smith*, as his guardian. .

To this opinion *Shaw* excepted, and appealed.

The return to the writ is in these words, viz.: "This respondent, for return to said writ, says that every allegation in said petition as charged, is untrue. This respondent, for a further return to this writ, denies that said *Stephen* is restrained, or, that said *Smith* is guardian, &c. For further return, he says that *Mary Shaw*, the mother of said infant, in her last sickness, and who is now dead, by her will appointed this respondent as the guardian of the said infant *Stephen*, his father being dead long before the mother."

This return was signed and sworn to by *Shaw*.

The return was clearly insufficient. The statute requires that the return should state—1. The cause of restraint. 2. If the authority be in writing, he shall return a copy, and produce the original on the hearing. 3. And also, *inter alia*, produce the party restrained on the hearing, unless prevented by sickness, which must be shown in the return. 2 R. S. p. 195. The hearing is to proceed in a summary way. No regular pleadings are contemplated. *Id.* p. 195, s. 724.

In this instance, the exception, in the nature of a demurrer, was well taken. *Shaw* should have appended a copy of the will as part of the return, and produced the original on the hearing.

In these summary proceedings in the court whose peculiar duty it is to guard the interests of minors, this Court will not go beyond the statute to hold them to strict regularity. A strong case must be made for an interference.

*Per Curiam.*—The judgment is affirmed with costs.

*R. L. Walpole* and *K. Ferguson*, for the appellant.

*J. T. Roberts*, for the appellee.